IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>D. R. HORTON, INC.-BIRMINGHAM, *et al.*,  )<br><br>Defendants.  ) | CIVIL ACTION 15-0071-WS-B |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Strike D.R. Horton, Inc. – Birmingham's Amended Answer and Counter-Claim to the Second Amended Complaint (doc. 83).

Plaintiff, Pennsylvania Lumbermens Mutual Insurance Company ("Pennsylvania Lumbermens"), brought this insurance declaratory judgment action against D. R. Horton, Inc. – Birmingham ("D.R. Horton") and an ever-evolving constellation of other defendants. Plaintiff seeks a declaration that it does not owe insurance coverage or a duty to defend to D.R. Horton in connection with an underlying wrongful death lawsuit filed in Baldwin County Circuit Court regarding a construction site accident that resulted in the death of a subcontractor employee named Roberto Campos Leco. Pennsylvania Lumbermens has amended its complaint on two occasions, first on August 31, 2015 (*see* doc. 45) and again on September 21, 2015 (*see* doc. 59), for entirely proper and permissible purposes such as naming additional defendants and correcting the names of other defendants.

For its part, D.R. Horton filed an Answer and Counterclaim (doc. 16) to the original Complaint back on March 18, 2015. The Counterclaim asserted causes of action against Pennyslvania Lumbermens for breach of contract and bad faith based on the latter's failure, despite timely notice and demand, to provide indemnity or a defense to D.R. Horton in the Baldwin County action. Pennsylvania Lumbermens filed a 49-page Answer (doc. 22) purporting

to recite 86 affirmative defenses to the Counterclaim on April 17, 2015; moreover, both sides extensively addressed the Counterclaim in the Report of Parties' Planning Meeting (doc. 23) filed on the same date.  Thus, the court file demonstrates that Pennsylvania Lumbermens has been acutely aware of D.R. Horton's Counterclaim and its presence in this litigation for nearly seven months.  Plaintiff does not (and cannot reasonably, on this record) suggest otherwise.

The Federal Rules of Civil Procedure generally contemplate that, when a plaintiff files an amended complaint, the defendant shall file an amended answer.  *See* Rule 15(a)(3), Fed.R.Civ.P.  D.R. Horton dutifully complied with this requirement by filing Answers (docs. 54 & 75) to plaintiff's first and second amended complaints on September 14, 2015 and October 5, 2015, respectively.  However, both of those Answers failed to replead – and omitted any reference to – D.R. Horton's Counterclaim against Pennsylvania Lumbermens, as interposed in the original pleading.  By all appearances, this was merely an inadvertent omission.  There is no indication anywhere that D.R. Horton's failure to replead its Counterclaim was intended to telegraph (or was construed by Pennsylvania Lumbermens as) a change in strategic priorities by D.R. Horton or an intention to abandon such Counterclaim.  Certainly, Pennsylvania Lumbermens does not claim to have been misled by those omissions into believing the Counterclaim to be off the table and out of the lawsuit.

Nonetheless, on October 9, 2015, just four days after D.R. Horton filed its latest iteration of the Amended Answer, Pennsylvania Lumbermens filed a brief suggesting that an ongoing discovery dispute between the parties had been rendered moot "because D.R. Horton has abandoned its bad faith counterclaim." (Doc. 81, at 3.)  In support of that proposition, plaintiff pointed to a small handful of district court authorities opining that a counterclaim is deemed abandoned if it is not repleaded in an answer to an amended complaint.  Less than one hour later, D.R. Horton filed its Amended Answer and Counter-Claim to Second Amended Complaint (doc. 82), repleading its counterclaims for breach of contract and bad faith in their entirety.  (*Id.* at 5-11.)

Undeterred by D.R. Horton's immediate correction of what it must have known to be simply a harmless oversight, Pennsylvania Lumbermens now requests that this Court strike D.R. Horton's Amended Answer and Counterclaim filed on October 9, 2015.  In its Motion to Strike, plaintiff does not claim to have sustained prejudice or hardship by virtue of the omission of the Counterclaim from two previous iterations of D.R. Horton's Answer.  It does not purport to have

been confused or lulled into a false sense of security.  Instead, with no citations to the Federal Rules of Civil Procedure or applicable case authorities, Pennsylvania Lumbermens simply declares that the Amended Answer reasserting the Counterclaim is "too little, too late."  (Doc. 83, at 3.)

This Court cannot agree.  As plaintiff well knows (because it invoked the same procedure less than a month ago (*see* doc. 59)), the Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course within 21 days after serving it.  *See* Rule 15(a)(1)(A), Fed.R.Civ.P.  What's good for the goose is good for the gander.  If Pennsylvania Lumbermens could amend its Complaint on September 21 as a matter of course to correct the name of a defendant that everybody knew was part of the case, then D.R. Horton can amend its Answer on October 9 as a matter of course to replead a Counterclaim that everybody knew was part of the case.  Even if amendment as a matter of course were not available here, the undersigned would readily allow D.R. Horton leave to amend its Answer to replead the Counterclaim to promote the interests of justice, fairness and efficiency, pursuant to Rule 15(a)(2), Fed.R.Civ.P.  Federal courts have recognized a "strong policy of determining cases on their merits."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291 (11th Cir. 2003).  What we have here is, at most, a hyper-technical pleading error that neither confused nor prejudiced anyone.  As soon as the mistake was brought to its attention, D.R. Horton took swift remedial action to correct its pleading to reassert the Counterclaim that everyone has known to be part of this case for the last seven months.  Movant cannot justly or fairly parlay this sequence of events into the windfall of non-merits dismissal of the Counterclaim.

For all of the foregoing reasons, D.R. Horton's Amended Answer and Counter-Claim (doc. 82) filed on October 9, 2015 is proper and permissible under Rule 15.  The Motion to Strike (doc. 83) is **denied**.

DONE and ORDERED this 14th day of October, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE